IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRIDGEVIEW MULTIFAMILY, LLC** § § § § | |
| *Plaintiff* § § | |
| V. § | C.A. NO. _____ |
| § | |
| **BRYAN D. VINYARD** § § § § | |
| *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, BRIDGEVIEW MULTIFAMILY, LLC (the "Plaintiff"), Plaintiff in the above styled case, and makes this its Original Complaint against BRYAN D. VINYARD (the "Defendant") and would show as follows:

### I.
### Parties

1. At all pertinent times the Plaintiff Bridgeview Multifamily, LLC was and is a Texas limited liability company headquartered in Dallas, Texas. Its members are all Texas residents and domiciliaries.

2. Defendant Brian Vineyard is an Oklahoma resident and may be served by serving him at his residence located at 3813 Danfield Lane, Norman, Oklahoma 73072.

## II.
## Jurisdiction and Venue

3. Plaintiff's claims arise under the common law of Texas. The court has diversity jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Vinyard conducts business in and to Texas. The Court therefore has general jurisdiction over Defendant. Exercising personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Specific jurisdiction exists over Defendant because -- even though he is not licensed or registered to lend money in the State of Texas -- the claims against him arises out of or relate to business that he did in Texas by, among other things, loaning money in and to Texas and committing torts in whole or in part in Texas. Defendant purposely availed himself of the privilege of doing business in Texas. Exercising personal jurisdiction over him would not offend traditional notions of fair play and substantial justice.

6. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Venue therefore properly lies in this District under 28 U.S.C. § 1391(b)(2).

## III.
## Background Facts

7. In 2016 and 2017, Plaintiff obtained a series of loans from Defendant. The loans, memorialized in three (3) promissory notes, were as follows:

1. A $200,000 loan on December 12, 2016 with a 1-year term at "40% per annum interest" ("Note 1");
2. A $210,000 loan on April 5, 2017 with a 6-month term at "20% interest" ("Note 2"); and
3. A $600,000 loan on October 20, 2017 with a 1-year term at 10% per annum plus a "success fee" of $60,000 upon repayment of the loan ("Note 3").

8. As of the date of the notice letter detailed below, Plaintiff had made the following payments in sum: on Note 1 - $455,649.31 (comprised of a $244,898.63 payment on September 20, 2023 and a $210,750.68 payment on January 18, 2024). No payments on Note 2 and on Note 3 - $103,725.99 broken down in the following table:

| Period | PMT | Date |
|---|---|---|
| Nov 17 Plus Stub | $ 6,410.90 | 12/22/2017 |
| Dec 2017 | $ 5,095.89 | 1/12/2018 |
| Jan 2018 | $ 5,095.89 | 2/13/2018 |
| Feb 2018 | $ 4,602.74 | 3/12/2018 |
| Mar 2018 | $ 5,095.89 | 4/13/2018 |
| Apr 2018 | $ 4,931.51 | 5/14/2018 |
| May 2018 | $ 5,095.89 | 6/13/2018 |
| Jun 18 Through Jul 19 | $67,397.28 | 8/1/2018 |

9. Under Texas law, the maximum lawful interest rate for commercial loans of this nature is 18% per annum, totaling a lawful interest amount of

$36,000.00 on Note 1, $18,900 on Note 2 and $108,000 on Note 3.[1]  In total, Defendant charged or received from Plaintiff the following interest:

**Note 1:** **$255,649.31(received)**
**Note 2:** **$84,000 (charged)**
**Note 3:** **$103,725.99 (received) + $60,000 success fee (charged)**

10. Pursuant to the Texas Finance Code, Defendant is liable to Plaintiff equal to three times the amount computed by subtracting the amount of interest allowed by law from the total amount of interest contracted for or received. Tex. Fin. Code 305.001(a-1). That amount comes out to:

**Note 1:** **$219,649.31 x 3 = $658,947.93**
**Note 2:** **$65,100 x 3 = $195,300.00**
**Note 3:** **$55,725.99 x 3 = 167,177.97**

11. In total, demand was formally made on Defendant via certified mail and email on November 21, 2024 for **$1,021,425.90** pursuant to Tex. Fin. Code 305.006(b).

## IV.
## CAUSES OF ACTION

### A. Texas Lending and Usury Claims

12. The transaction giving rise to these claims was a "loan" as defined in

---

[1] With respect to the "Success Fee" in Note 3, that is also considered interest under Texas law regardless of its title. It has often been said that courts will "look beyond the form and labels of the transaction to its substance in determining the existence or nonexistence of usury." *Gonzales County Sav. & Loan Ass'n v. Freeman*, 534 S.W.2d 903, 906 (Tex. 1976). A contract is usurious when there is any contingency by which the lender may get more than the lawful rate of interest. *Butler v. Holt Mach. Co.,* 741 S.W.2d 169, 176 (Tex. App.—San Antonio 1987).

Tex. Fin. Code, Title 4, Subtitle A. The loan provided for interest in excess of 35 percent a year, was made by a person engaged in the business of making, arranging, or negotiating those types of loans, and was not secured by a lien on real property, and thus was subject to Chapter 302 and 303 of the Texas Finance Code.

## Violations of Tex. Fin. Code, § 302.002

13.   Defendant loaned Plaintiff money without any specified interest rate in violation of Tex. Fin. Code, §302.002. When the loan agreement doesn't state a specific interest rate, the maximum allowable interest rate is 6 percent.

14. The Plaintiff was forced to hire the attorneys whose names appear below to pursue those claims on its behalf. The Plaintiff seeks an award of reasonable attorney's fees as set by the Court pursuant to Tex. Fin. Code, §305.005.

## Violations of Tex. Fin. Code, § 303.001

15. The parties had written loan agreements as described and detailed above. The loan agreements provided for interest in excess of 35% percent per year, far greater than the allowable rate of interest codified in Tex. Fin. Code, § 303.001.

16. The Plaintiff was forced to hire the attorneys whose names appear below to pursue those claims on its behalf. The Plaintiff seeks an award of

reasonable attorney's fees as set by the Court pursuant to Tex. Fin. Code, §305.005

## Violations of Tex. Fin. Code, § 306.002

17. Defendant made multiple business loans to Plaintiff in excess of 18 percent interest – and the "ceiling rate" of 28 percent under Tex. Fin. Code § 303.009(c). On commercial loans, all interest charged must be aggregated and amortized using the actuarial method during the stated term of the loan. Tex. Fin. Code § 306.004(a).

## DAMAGES

18. Defendant's conduct was the direct cause of damages to the Plaintiff in an amount in excess of the jurisdictional limits of the Court, for which the Plaintiff now sues, including but not limited to an amount that does not exceed an amount equal to (i) three times the amount by which the interest contracted for or received exceeds the maximum amount of interest allowed by statute; and (ii) statutory damages pursuant to Tex. Fin. Code, § 305.001. The precise damages are detailed above.

19. The Plaintiff was forced to hire the attorneys whose names appear below to pursue those claims on its behalf. The Plaintiff seeks an award of reasonable attorney's fees as set by the Court pursuant to Tex. Fin. Code,

§305.005

20.  Additionally, Defendant contracted for, charged, or received interest or time price differential that exceeded twice the total amount of interest or time price differential authorized. Pursuant to Tex. Fin. Code, § 305.002. Defendant is liable to the Plaintiff for all principal or the principal balance, as well as all interest or time price differential, plus attorney's fees incurred to enforce Subtitle A.

## V.
## **Prayer**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the Defendant be cited to appear, and that after trial, the Plaintiff be awarded judgment against the Defendant, jointly and severally, for the following:

1. Actual damages against Defendant;

2. Additional, punitive, or exemplary damages against Defendant;

3. statutory damages and those damages under § 305.001;

4. Rescission of the Loan Agreements;

5. Prejudgment and post judgment interest as allowed by law;

6. Reasonable and necessary attorney's fees;

7. Costs of Court; and

8. Such other relief, both equitable and at law, to which the Plaintiff may show itself entitled.

Respectfully submitted,

**THE KRAUS LAW FIRM**

_____
JASON D. KRAUS

Texas Bar. No. 24058234
Federal Bar No. 895467
19500 State Hwy 249, Ste. 350
Houston, Texas 77070
(281) 781-8677
(281) 840-5611  (Facsimile)
jdk@krausattorneys.com



*ATTORNEYS FOR PLAINTIFF*