UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIDGEVIEW MULTIFAMILY, LLC, <br>     *Plaintiff*, <br><br> v. <br><br> BRYAN D. VINYARD, <br>     *Defendant/Third-Party Plaintiff,* <br><br> v. <br><br> STEVEN D. MAY, <br>     *Third-Party Defendant.* | Case No. 4:25-cv-00278 |

## DEFENDANT/THIRD-PARTY PLAINTIFF
## BRYAN D. VINYARD'S THIRD-PARTY COMPLAINT

TO THE HONORABLE U.S. MAGISTRATE JUDGE DENA HANOVICE PALERMO:

Defendant/Third-Party Plaintiff Bryan D. Vinyard ("***Vinyard***") files this *Third-Party Complaint* against Third-Party Defendant Steven D. May ("***May***") for breach of a Promissory Note Guaranty (the "***Guaranty Agreement***"). May guaranteed certain obligations owed by Plaintiff Bridgeview Multifamily, LLC ("***Bridgeview***") to Vinyard and memorialized in a promissory note. Bridgeview defaulted under the promissory note, and May defaulted under the Guaranty Agreement. In support, Vinyard would respectfully show as follows:

### I. PARTIES

1. Third-Party Defendant Steven May is a resident of Dallas County, Texas. He may be served at 10474 Epping Lane, Dallas, Texas, 75204, or wherever he may be found.

2. Vinyard is a resident of Norman County, Oklahoma and may be served through the undersigned counsel.

## II. JURISDICTION AND VENUE

3. Vinyard's third-party claims arise under Texas common law. The Court has diversity jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because May and Bridgeview, on the one hand, and Vinyard, on the other hand, are citizens of different states and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over May, who resides in Texas.

5. Bridgeview initiated this lawsuit in the Southern District of Texas. To the best of Vinyard's knowledge, however, none of the parties reside in the Southern District of Texas, nor did any of the events or omissions giving rise to any of the claims in this case occur in the Southern District of Texas. In Vinyard's view, the proper venue for this proceeding is either the Northern District of Texas, where May resides and Bridgeview maintains its principal office, or the Western District of Oklahoma, where Vinyard resides and payments were to be performed pursuant to Note 3 (and therefore the Guaranty Agreement). *See* **Exhibit A** at 1; **Exhibit B** at 1.

## III. BACKGROUND

6. On October 20, 2017, Vinyard loaned Bridgeview $600,000 to purchase three Houston-area multifamily properties (Champions Park, Champions Centre, and the Grayson Apartments, collectively "***Champions***"). To memorialize its obligation to repay the loan, Bridgeview executed a promissory note ("***Note 3***") to Vinyard in the original principal amount of $600,000, with interest accruing at 10% per annum and a $60,000 "success fee" (the "***Success Fee***") upon repayment. A true and correct copy of Note 3 is attached hereto as **Exhibit A**. Note 3 provided that it would mature upon the first of the following events to occur: (a) sale of the Grayson Apartments; (b) sale of both Champions Park and Champion Centre; or (c) October 19, 2018.

7. Also on October 20, 2017, May executed the Guaranty Agreement on which Vinyard now sues. A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit B**. Under the Guaranty Agreement, May unconditionally guaranteed the amounts due under Note 3. *See* **Exhibit B** at 1. May also agreed to pay all legal fees, costs, and expenses incurred by Vinyard to enforce the Guaranty Agreement. *Id*.

8. Upon information and belief, Bridgeview sold all three Champions properties but failed to pay Vinyard in full as promised.

9. Between December 2017 and August 2018, Bridgeview made payments towards interest on Note 3 totaling $103,725.99.

10. Between 2018 and 2023, May repeatedly acknowledged the debt owed to Vinyard and stated his and Bridgeview's intent to repay Note 3 in writing. Specifically:

   a. On May 5, 2021, in response to Vinyard's email titled "Payment for Champions," May stated in an email: "I agree that you have been immensely patient *and I am confident that I'll have the $600k line repaid this year.*"

   b. On February 3, 2022, Vinyard sent Bridgeview a formal payment demand, via email, demanding payment of principal and interest through January 31, 2022. In response, Bridgeview's principal May stated in an email to Vinyard dated February 6, 2022: "I recognize the amounts I owe you and will pay you every penny that you are owed."

11. On August 19, 2024, Vinyard sent Bridgeview and May a letter demanding payment of the principal due under Note 3, interest at 10% per annum, and the Success Fee (the "***Vinyard Demand Letter***"). A true and correct copy of the Vinyard Demand Letter is attached hereto as **Exhibit C**.

12. On November 21, 2024, Bridgeview sent Vinyard notice of alleged usury violations and demanded payment of $1,021,425.90 (the "***Bridgeview Demand Letter***"). A true and correct copy of the Bridgeview Demand Letter is attached hereto as **Exhibit D**.

13. Less than month later, on December 20, 2024, Vinyard sent Bridgeview a letter pursuant to Texas Finance Code § 305.103, in which he cancelled any interest in excess of 18% per annum and waived any rights he may have had to the Success Fee (the "***Correction Letter***"). A true and correct copy of the Correction Letter is attached hereto as **Exhibit E**. In the Correction Letter, Vinyard reiterated his intent to initiate legal proceedings against Bridgeview and May if the amounts due under Note 2, Note 3, and the Guaranty Agreement were not paid. *Id*.

14. Bridgeview and May have since failed and refused to make any payments under Note 3 and the Guaranty Agreement. Accordingly, May has breached the Guaranty Agreement and is liable to Vinyard for the amounts owed by Bridgeview under Note 3.

### IV.     BREACH OF GUARANTY AGREEMENT

15. Vinyard realleges and incorporates by reference the allegations above as if fully set forth herein.

16. May is liable to Vinyard for breach of the Guaranty Agreement.

17. The Guaranty Agreement is a valid, binding, and enforceable guaranty contract executed by May. Vinyard is the current owner and holder of the rights of the lender under the Guaranty Agreement. Under the Guaranty Agreement, May is liable for, and guaranteed payment to Vinyard, of all indebtedness owed by Bridgeview to Vinyard due under Note 3.

18. When Bridgeview breached Note 3 and Vinyard demanded payment from May and Bridgeview, May became obligated to pay the amounts due under Note 3. May's liability is not contingent upon the pursuit of any remedies against Bridgeview or any other person. **Exhibit B**

4

at 2. Accordingly, all conditions precedent to May's performance under the Guaranty Agreement have occurred.

19. May breached the Guaranty Agreement by failing and refusing to make payment.

20. Vinyard has suffered damages as a result of May's breach of the Guaranty Agreement.

## V. ATTORNEYS' FEES

21. Vinyard is entitled to recover his reasonable attorneys' fees, costs, and other litigation expenses incurred in this matter pursuant to the Guaranty Agreement and Texas Civil Practices and Remedies Code § 38.001, *et seq*. **Exhibit B** at 4.

## VI. CONCLUSION

For the foregoing reasons, Vinyard respectfully requests that the Court enter judgment: (i) finding and concluding that Steven D. May is liable on Vinyard's claim for breach of Guaranty Agreement; and (ii) awarding Vinyard the following relief:

a. Damages for breach of the Guaranty Agreement in the amount of $600,000 in principal plus prejudgment interest at the rate of 10% per annum;

b. Attorneys' fees, collection costs, and expenses pursuant to the Guaranty Agreement and Texas Civil Practices and Remedies Code § 38.001, *et seq*.;

c. Postjudgment interest on all amounts awarded pursuant to 28 U.S.C. § 1961; and

d. Any other relief the Court deems just and proper.

Respectfully submitted,

**VELA WOOD STALEY YOUNG P.C.**

*/s/ Cleveland R. Burke*
Cleveland R. Burke (*attorney-in-charge*)
Texas Bar No. 24064975
S.D. Tex. Bar No. 1215165
Kaitlyn Fletcher Ward
Texas Bar No. 24103292
S.D. Tex. Bar No. 3803556
1211 E. 4th St., Suite 210
Austin, Texas 78702
Phone: 512-813-7300
cburke@velawood.com
kfletcher@velawood.com

**ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF BRYAN D. VINYARD**